# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KERRY E. MILLS,

    Appellant,

  v.

DEPARTMENT OF AGRICULTURE,

    Agency.

DOCKET NUMBER
CH-3443-14-0524-I-1

DATE: February 2, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Steve Meacham</u>, Kansas City, Missouri, for the appellant.

<u>Patricia Ann McNamee</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant applied for a GS-13 Information Technology Specialist position within her agency, the Farm Service Agency. Initial Appeal File (IAF), Tab 6 at 46. On May 1, 2014, the agency notified her that it would not consider her for the position because her application was rated ineligible due to her failure to submit, as required by the vacancy announcement, a copy of her most recently completed annual performance appraisal. IAF, Tab 1 at 10-11, Tab 6 at 70. The appellant filed an appeal with the Board in which she checked the box that she was appealing a negative suitability determination and also indicated that she was "Denied elig. on 1 job but NOT the 1 befo[re]." IAF, Tab 1 at 4.

¶3     The administrative judge issued two orders directing the appellant to file evidence and argument to prove that the action was within the Board's jurisdiction. IAF, Tab 2 at 3, Tab 3 at 2. The orders provided the appellant with general information regarding how to establish Board jurisdiction over both a nonselection and a negative suitability appeal. IAF, Tab 2 at 2-3, Tab 3 at 1-2. The administrative judge also specifically informed the appellant that the Board

has nonselection jurisdiction under limited circumstances where an unsuccessful candidate claims that the agency's decision was in retaliation for whistleblowing, the product of discrimination based on uniformed service, or a violation of her veterans' preference rights. IAF, Tab 2 at 2-3. The appellant did not allege any of these grounds for Board jurisdiction. Instead, the appellant submitted screen shots of her application for the position and asserted that she believed the Board had jurisdiction because an "HR employee cancelled [her] eligibility" even though she had previously submitted the same documents with her application for another position for which she was found eligible. IAF, Tab 4 at 4-9.

¶4        In an initial decision, issued without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). The appellant has filed a petition for review in which she appears to reiterate her argument that the agency mistakenly deemed her ineligible for the position because previously she had been found eligible for another position at the same grade based on the same application materials. Petition for Review (PFR) File, Tab 3 at 4. The agency has filed a timely response in opposition to the appellant's petition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        It is well-settled that the Board generally does not have jurisdiction to review an agency's decision not to select a particular applicant for a vacant position. *Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 7 (2002); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). The appellant's arguments on review are not relevant to the issue currently before the Board—whether the Board has jurisdiction over this appeal. *See Fassett v. U.S. Postal Service*, 76 M.S.P.R. 137, 139 (1997) (arguments on review that address the merits of the agency's action, rather than the Board's jurisdiction over the appeal, do not meet the criteria for review). Thus, the appellant has not established sufficient grounds for disturbing the administrative judge's findings

on this issue. *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 516, ¶ 5 (2009).

¶6　　　We also agree with the administrative judge that the Board lacks jurisdiction over this appeal as a suitability action. ID at 4-5. An individual who is found unsuitable for employment in the competitive service or the Senior Executive Service by the Office of Personnel Management (OPM), or an agency acting under delegated authority from OPM, has a right to appeal her nonselection to the Board. *Saleem v. Department of the Treasury*, 88 M.S.P.R. 151, ¶ 7 (2001). A suitability inquiry is directed toward whether the "character or conduct" of a candidate is such that employing her would adversely affect the efficiency of the service. *Id.* Among the factors that might be relied upon in rendering a negative suitability determination are falsification, deception or fraud in the examination process, and misconduct or negligence in prior employment which would have a bearing on efficient service in the position in question. *Id.*; *Edwards v. Department of Justice*, 87 M.S.P.R. 518, ¶ 5 (2001). In deciding whether an action is an unappealable nonselection or an appealable suitability determination, what matters is the substance, not the form, of the action. *Saleem*, 88 M.S.P.R. 151, ¶ 7.

¶7　　　OPM's regulations governing suitability actions specify that a denial of appointment or nonselection for a position is not a suitability action. 5 C.F.R. § 731.203(b); *see Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 8 (2009). Thus, as the administrative judge correctly found, the agency's determination that the appellant was ineligible for the position because she failed to comply with the requirements in the vacancy announcement was not a suitability action. ID at 4. Accordingly, we find that the administrative judge properly dismissed the appellant's appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.